JIM EARL MORRISON V. STATE

No. 29,349. December 18, 1957.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) February 12, 1958.

McCarthy, Rose & Haynes, Amarillo, for appellant.

*Wayne Bagley,* District Attorney, *F. J. Baughman,* Assistant District Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was found guilty of incest and assessed a term of five years, the indictment returned on December 6, 1956, alleging that on or about March 17, 1954, he did carnally know his daughter.

The sufficiency of the evidence to sustain the jury's finding that the offense was committed within three years prior to December 6, 1956, the date the indictment was returned and filed, is challenged.

The prosecutrix testified that appellant came to school and took her out of class and drove out a country road where he had sexual relations with her, on the back seat of the car, and afterwards took her back to school.

The time of such occurrence was, we find, fixed as being on March 17, 1954, and within the period of limitation by the following questions and answers upon the direct examination of the prosecutrix in connection with her testimony as to the commission of the offense.

"Q. Once again directing your attention to the 17th day of March, 1954, in what grade in school were you at that time? A. I was in the sixth grade.

"Q. On the afternoon of the 17th of March, 1954, I ask you whether or not your daddy came to your school and got you out of class? A. He did."

The testimony of the prosecutrix was fully corroborated by appellant's confession, and in this confession dated October 18, 1956, he fixed the time that he took the prosecutrix out of school and had sexual relations with her in the back seat of the car as being when she "was about in the 6th grade at Summit School."

The judgment is affirmed.